UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
02 MAR 19 AM 9:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| DANIEL L. BUFORD; and<br>MARCIE D. BUFORD<br><br>Plaintiffs,<br><br>vs.<br><br>WAL-MART STORES, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.: CV-99-S-3445-S<br>)<br>)  **ENTERED**<br>)<br>)  MAR 19 2002 |

## MEMORANDUM OPINION

This action is before the court on plaintiffs' post-trial motion for reconsideration of this court's March 5, 2002 order (doc. no. 85), in which the court concluded that it did not have jurisdiction to consider plaintiffs' post-trial motion for equitable relief (doc. no. 64). Plaintiffs have moved alternatively to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). Upon consideration of the motion and pleadings, and in light of binding case law authority plaintiffs have now introduced, the motion is due to be granted, and plaintiffs are due to be reinstated to their former positions with defendant Wal-Mart Stores, Inc.

### I. DISCUSSION

This action was tried to a jury during August of 2001. Plaintiffs Daniel L. and Marcie D. Buford, who are brother and sister, respectively, filed suit against defendant Wal-Mart Stores, Inc. under Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981, claiming that defendant had discriminated against each of them on the basis of their race (African-American). The jury returned verdicts in favor of plaintiffs for the aggregate amount of $366,040 in compensatory and punitive damages. The jury's verdicts were entered on the court's minutes by the clerk on



September 13, 2001.[1] Plaintiffs moved the court to award them an additional amount as attorneys' fees and costs on September 27, 2001.[2] Five days later, on October 2, 2001, plaintiffs filed a motion seeking equitable relief amounting to reinstatement and/or front pay.[3] This court subsequently entered an order granting defendant's motion[4] to stay the entry of the judgment, pending defendant's appeal to the Eleventh Circuit Court of Appeals.[5] The Eleventh Circuit ultimately dismissed defendant's appeal for want of jurisdiction, however, citing the need for this court to resolve plaintiffs' outstanding claims for equitable relief.[6]

This court ultimately granted plaintiffs' motion for attorney's fees and costs, but determined that, due to untimeliness, it was unable to consider plaintiffs' motion for equitable relief.[7] As the court wrote in its March 5, 2002 order:

> Plaintiffs' motion does not cite any Federal Rule as a basis for the relief requested. The court could construe the motion as invoking Federal Rule of Civil Procedure 59(e), which authorizes a motion to alter or amend a judgment after the judgment has been entered. *See* Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 11 *Federal Practice and Procedure* § 2810.1, at 119 (Civil 2d 1995). Rule 59(e) requires that motions to amend or alter a judgment be filed within ten days after entry of the judgment. *See id.*, § 2812, at 136 n.3 (citing cases). If the court construes plaintiffs' motion under Rule 59, the motion is untimely, and this court is without jurisdiction to consider it. *See Glass v. Seaboard Coast Line Railroad Company*, 714 F.2d 1107, 1109 (11th Cir. 1983) (holding that Rule 59's "10-day period is jurisdictional, and cannot be extended in the discretion of the district court") (citations omitted). *This is because judgments in accordance with the jury's verdicts were entered upon the minutes of this court by the clerk on September 13, 2001.*[8] Plaintiffs did not move this court to grant equitable relief in the form of

---

[1] *See* "Amended Clerk's Court Minutes" entered on September 13, 2001 (doc. nos. 57 & 58).

[2] *See* "Plaintiffs' Motion for the Award of Attorney's Fees and Costs" (doc. no. 61).

[3] *See* "Plaintiffs' Post-Trial Motion for Reinstatement and/or Front Pay" (doc. no. 64).

[4] *See* doc. no. 68 (defendant's "Motion of Stay of Judgment Pending Appeal") and doc. no. 70 (handwritten order on face of motion — "Granted" — entered on October 30, 2001).

[5] *See* Order (doc. no. 70).

[6] *See* doc. no. 76 (certified copy of Eleventh Circuit's order in No. 01-16093-B, dismissing appeal for lack of jurisdiction).

[7] *See* Order, March 5, 2002 (doc. no. 85).

[8] *See "Amended* Clerk's Court Minutes" (emphasis supplied) entered on Sept. 13, 2001 (doc. nos. 57 & 58);

2

reinstatement and/or front pay until October 2, 2001.[9]

...

Plaintiffs' motion is devoid of any explanation for the delay in filing the motion, although plaintiffs anticipated seeking such relief: they included a demand for reinstatement and/or front pay in their pre-trial order.[10] *Plaintiffs fail to offer relevant case law that would permit this court to extend the filing deadline, or to imply a timely-filed Rule 59 motion from plaintiffs' pre-trial order request for equitable relief.* During oral argument on the present motions, conducted in Birmingham, Alabama on February 20, 2002, plaintiffs pointed this court solely to the Supreme Court's decision in *Albemarle Paper Co. v. Halifax Local No. 425, United Papermakers and Paperworkers, AFL-CIO*, 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975). Although plaintiffs use *Albemarle Paper Co.* to argue that the purpose of Title VII is to "make persons whole for injuries suffered on account of unlawful employment discrimination," *id.* at 418, 95 S.Ct. at 2372, the language cited by plaintiffs, although correct, is inapposite in a fundamental respect. This is because "Federal Rule 6(b) *forbids* a court to enlarge the time within which a Rule 59(e) motion may be served." *Hertz Corporation v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1128 (11th Cir. 1994) (emphasis supplied). Accordingly, plaintiffs' motion is untimely and this court has no jurisdiction to consider it.[11]

Plaintiffs now have moved for reconsideration of this court's March 5, 2002 order, and, in doing so, offer *Formby v. Farmers and Merchants Bank*, 904 F.2d 627 (11th Cir. 1990). In *Formby*, the Eleventh Circuit considered whether the plaintiff had filed a timely Rule 59(e) motion to alter or amend the judgment. *See id.* at 630. The *Formby* defendant argued that the plaintiff had failed to do so because the motion was filed — as here — more than ten days after the entry of the clerk of court's minutes memorializing the jury's verdict. *See id.* The Eleventh Circuit disagreed, holding that:

*The law is clear that a clerk of the court's minute entry of a jury verdict does not constitute a final judgment, when, as here, that verdict does not encompass the full relief to which a party may be entitled. United States v. Indrelunas*, 411 U.S. 216,

---

*see also* the "Clerk's Court Minutes" entered on Sept. 11, 2001 (doc. nos. 55 & 56).

[9] *See* Plaintiffs' Post-Trial Motion for Reinstatement and/or Front Pay (doc. no. 64).

[10] *See id.* ¶ 1.

[11] Order, March 5, 2002 (doc. no. 85), at 12-14 (emphasis supplied).

> 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973) (per curiam). *See also Bankers Trust Co. v. Mallis*, 435 U.S. 381, 384-85, 98 S.Ct. 1117, 1119-20, 55 L.Ed.2d 357 (1978) (per curiam).
>
> ...
>
> Formby's requested remedy of reinstatement still remained outstanding and unresolved. *In both her complaint and pretrial order, Formby explicitly sought reinstatement in addition to the other relief mentioned above. The clerk's court minutes in the record at the time of the first appeal made no mention as to whether this relief had been granted or denied.* Because the district court had not yet determined Formby's entitlement to reinstatement, it cannot be said that there was a final judgment at the time of the Bank's first appeal. A final judgment "generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)). *See also Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976) (district court determination of liability in Title VII case not a final, appealable judgment where several of the plaintiff's prayers for relief remain open for determination); *Richerson v. Jones*, 551 F.2d 918, 921 (3rd Cir. 1977) (order in employment discrimination case in which district court stated "judgment is rendered for plaintiff and against defendant" but did not dispose of claims for retroactive promotion, back pay, and punitive damages was not final, appealable order).

*Id.* at 630-31 (emphasis supplied). As in *Formby*, plaintiffs here requested reinstatement and/or front pay in their pre-trial order (doc. no. 31). *See id.* Further, the clerk's court minutes do not make mention of plaintiffs' request for equitable relief.[12] *See id.* As such, the court agrees with plaintiffs, and concludes that the clerk of court's minutes entering the jury's verdict did not constitute a final judgment, because "that verdict does not encompass the full relief to which [plaintiffs] may be entitled." *See id.* (citing *Indrelunas*, 411 U.S. at 216, 93 S.Ct. at 1562).

Although plaintiffs did not originally style their motion as one to alter or amend the

---

[12] *See* Amended Clerk's Court Minutes (doc. nos. 57 & 58); *see also* Clerk's Court Minutes (doc. nos. 55 & 56).

4

judgment pursuant to Rule 59(e),[13] plaintiffs now have properly stated their motion for equitable relief in those terms.[14]

The Supreme Court has stated that Rule 59 is properly invoked "only to support reconsideration of matters properly encompassed in a decision on the merits." *White v. New Hampshire*, 455 U.S. 445, 450-51, 102 S. Ct. 1162, 1165-66, 71 L. Ed. 2d 325, 330-31 (1982). The Court further suggested that Rule 59 motions typically relate to compensation for the injury giving rise to an action rather than matters "uniquely separable from the cause of action to be proved at trial." *White*, 455 U.S. at 451, 102 S. Ct. at 1166. Similarly, the Eleventh Circuit has held that "Rule 59(e) applies only when a motion seeks reconsideration of substantive issues resolved in the judgment and not when a motion raises exclusively collateral questions regarding what is due because of the judgment." *Osterneck v. E. T. Barwick Industries*, 825 F.2d 1521, 1526 (11th Cir. 1987), *aff'd sub nom. Osterneck v. Ernst & Whinney*, 489 U.S. 169, 109 S. Ct. 987, 103 L. Ed. 2d 146 (1989). Thus, a timely Rule 59 motion urges a court to "reconsider its holdings of law and fact to determine whether its judgment was correct." *Gordon v. Heimann*, 715 F.2d 531, 538 (11th Cir. 1983).

Plaintiffs correctly observe that Title VII, 42 U.S.C. 2000e-5g, provides that courts may "order such affirmative action as may be appropriate" to "make persons whole for injuries suffered on account of unlawful employment discrimination." *Albemarle Paper Co. v. Halifax Local No. 425, United Papermakers and Paperworkers, AFL-CIO*, 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975). Although plaintiffs argue that reinstatement is presumptively due when a Title VII

---

[13] *See supra* note 11.

[14] *See* Plaintiffs' Post-Trial Motion (doc. no. 87), at 5. The court concludes that this motion is timely filed within the statutorily required time period, namely within ten days of the court's entry of final judgment (doc. no. 86) on March 5, 2002. *See* Fed. R. Civ. P. 59(e).

violation has occurred, the Supreme Court has instead written that courts *may* "order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay." *Id.* at 415-16, 417 (quoting 42 U.S.C. 2000e-5g (1970 ed. Supp III)).

In light of that discretionary power, the question, then, is whether equitable relief, in addition to the compensatory and punitive damages awarded them by the jury, is necessary to make plaintiffs "whole." Defendant argues that such equitable relief is superfluous, because each plaintiff testified at trial that they were employed, and at a higher pay rate than they had been while in defendant's employ.[15] Plaintiffs have submitted affidavits, however, that tell a different tale.

Plaintiff Marcie D. Buford states in her affidavit that she has been unemployed since June 24, 2001, including on the date of trial, and through the time of, trial (August 27, 2001).[16] Marcie Buford had been employed by three different companies prior to the date of trial and since her termination, including by an Arby's Incorporated restaurant from November 1, 1999 to April of 2000, AJ's Men's Fashion Dress Shop from March of 2000 to July of 2000, and by Russell Corporation from July 17, 2000 to June 24, 2001.[17] Although she received benefits at Russell Corporation similar to those she earned at Wal-Mart, Marcie Buford has been unsuccessful in finding employment since the date of her termination from Russell Corporation.[18] She is now attending Central Alabama Community College in Childersburg, Alabama due to a tuition grant from Russell Corporation.[19]

---

[15] *See* Defendant's Response (doc. no. 69).
[16] *See* Affidavit of Marcie D. Buford (doc. no. 81).
[17] *See id.* at 2.
[18] *See id.* at 2-3.
[19] *See id.*

Plaintiff Daniel L. Buford was unemployed from the date of his termination from defendant Wal-Mart Stores, Inc. until June 26, 1999. Although Daniel Buford received $695.00 in unemployment compensation during this period, he subsequently was required to repay that amount following an unsuccessful unemployment compensation appeal.[20] Daniel Buford now is employed by a McDonald's Corporation restaurant in Sylacauga, Alabama, and was so at the date of trial.[21] Upon closer examination, it is apparent that Daniel Buford's current employment provides him less compensation and fewer benefits than did his position with Wal-Mart. For example, Daniel Buford was paid $6.50 per hour on the date of his termination from defendant's employ.[22] His benefits included health and dental insurance; life insurance; short and long-term disability insurance; vacation time; and a 401(k) retirement savings plan. He also was eligible for incentives, such as the $25.00 gift certificate he received for being helpful to a customer.[23] In contrast, Daniel Buford's current employer paid him $6.00 per hour between August 20, 2000 and December 24, 2000, at which time he was awarded a raise to his current pay rate of $6.25 per hour.[24] He currently does not receive health or dental insurance, life insurance, or long term disability insurance, although he was paid $50.00 for an "employee of the month" award in December of 2000.[25]

In light of Marcie Buford's unemployment prior to, during, and since the date of trial, and of the fact that Daniel Buford's current employment provides less compensation and fewer benefits to him than did defendant, the court is inclined to find that plaintiffs have not been made whole for defendant's Title VII violations solely by the jury's award of compensatory and punitive damages.

---

[20] *See* Affidavit of Daniel L. Buford (doc. no. 82), at 1.
[21] *See id.* at 2.
[22] *See id.* at 1.
[23] *See id.* at 2.
[24] *See id.*
[25] *See id.*

*See Albemarle Paper Co.*, 422 U.S. at 405, 95 S.Ct. at 2362. Moreover, each plaintiff has stated in an affidavit that he or she would be willing to return to defendant's employ.[26]

## II. CONCLUSION

For the foregoing reasons, plaintiffs' motion is due to be granted, and each plaintiff is due to be reinstated to his or her former position, or its equivalent, with defendant Wal-Mart Stores, Inc. An order consistent with this memorandum opinion shall be issued contemporaneously herewith.

DONE this 19th day of March, 2002.

_____
United States District Judge

---

[26] *See* Affidavits of plaintiffs (docs. no. 81 and 82), at 3.